MARY ELIZABETH RUCKMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ruckman
Docket No. 1724-90
United States Tax Court
T.C. Memo 1992-631; 1992 Tax Ct. Memo LEXIS 664; 64 T.C.M. (CCH) 1166; October 27, 1992, Filed *664 Decision will be entered under Rule 155. Mary Elizabeth Ruckman, pro se. For Respondent: Robert E. Touchton. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: By notices of deficiency, dated October 20, 1989, respondent determined deficiencies in petitioner's 1984 and 1985 Federal income tax in the respective amounts of $ 2,019 and $ 1,341. With respect to the 1984 taxable year, respondent also determined additions to tax under section 6653(a)(1)[1] in the amount of $ 100.95 and under section 6653(a)(2) in the amount of 50 percent of the interest due on $ 1,593.00. Petitioner timely filed a petition with this Court. At the time the petition was filed, petitioner resided in Columbus, Ohio. The facts may be summarized as follows. Prior to 1982, petitioner purchased a house in Columbus, Ohio. During 1982 she entered into a land *665 sales contract that provided for a down payment and monthly payments for the balance of the purchase price. Unless there was a default, at the end of term, petitioner would deed the property to the purchasers. In November 1983, the purchasers defaulted, and petitioner had them evicted in early 1984. When the occupants were evicted, they removed a carpet, some stools and a door that belonged to petitioner. The fair market value of this property was $ 250 and petitioner's adjusted basis was greater than that amount. The water heater also had to be replaced because of damage caused by vandalism by the occupants. The cost of replacement was $ 350. Petitioner had no casualty or theft insurance. Petitioner then rented the property for a brief period of time and, during July 1984, entered into another land sales contract. When she entered into the contract she paid $ 2,800 to the agent who handled the contract. The second contract went into default in 1985, and petitioner entered into a third contract that went into default in a year that is not before the Court. For the taxable years 1984 and 1985, petitioner did not treat the land sales contracts as a sale or exchange of the *666 property. Rather, on her tax returns she treated the property as if it were rented. She reported gross receipts and deducted certain expenses. Upon audit, respondent did not challenge petitioner's characterization of the property as rental property; respondent, however, did disallow certain deductions. Since the parties have framed the issue in this fashion, we will do likewise. But, see Warren Jones Co. v. Commissioner, 524 F.2d 788 (9th Cir. 1975), revg. 60 T.C. 663 (1973). Petitioner moved to San Antonio, Texas, in 1982. In 1984, petitioner moved from San Antonio to Phoenix, Arizona. During the move her car was damaged. The cost of repairing the car was $ 202. That amount did not exceed the deductible amount of her insurance. Also during the move, but unrelated to the events concerning the damage to the car, certain personal property was destroyed when the door of the van opened on the road. That property had a fair market value of $ 400, and petitioner's basis (cost) was greater than that amount. That property was not insured. After petitioner moved to Phoenix, she suffered two additional losses in 1984. First, *667 her car was involved in another accident. The total damage was $ 306 of which the insurance company paid $ 56. Second, her home in Phoenix was burglarized, and property with a fair market value of $ 290 was stolen. Petitioner's basis in the property was greater than that amount. Petitioner did not have insurance on the items stolen. On petitioner's 1984 tax return, petitioner reported, on a Schedule E, rental income and claimed deductions for rental expenses in the amount of $ 17,903.37. She also claimed a depreciation deduction in the amount of $ 3,000. On Schedule A petitioner claimed a deduction for casualty and theft losses in the amount of $ 1,680. This deduction included the loss from the property stolen from or destroyed in the rental property in Columbus. In arriving at the fair market value of the items stolen or destroyed, petitioner made "guesstimates" of the values. In determining the amount of losses to her automobile, petitioner used the actual costs of the repairs. Respondent disallowed $ 15,601.87 of the claimed rental expenses claimed. Respondent also disallowed $ 1,770 of the claimed depreciation. Before trial, respondent conceded that petitioner was *668 entitled to additional rental expense deductions in the amount of $ 6,877, and respondent also conceded the additions to tax for negligence. Petitioner conceded that she was not entitled to deduct $ 7,095, claimed on the Schedule E for loss of income and conceded the adjustment for depreciation. Petitioner maintains, however, that she is entitled to claim a deduction in the amount of $ 2,800 that she paid in 1984 as a commission to a real estate agent on the second land sales contract. Petitioner also claims that she is entitled to deduct $ 1,680 for casualty and theft losses and to a deduction in the amount of $ 82 for personal property taxes that she paid in Arizona when she had her car registered. On the Schedule E submitted with her 1985 return, petitioner claimed deductions for rental expenses and depreciation in the amounts of $ 6,587.02 and $ 3,200 respectively. Respondent disallowed expense deductions in the amount of $ 4,218.02. Before trial respondent conceded that petitioner was entitled to an expense deduction of $ 1,898 more than that allowed at the audit. Petitioner conceded that respondent's adjustment for depreciation was correct. Petitioner claims, however, *669 she is entitled to deduct additional amounts for travel expenses ($ 929.84), insurance ($ 170), and repairs ($ 590). 1. 1984 Real Estate Commissions
When petitioner entered into the second land sales contract she paid a real estate agent $ 2,800 as a commission on the sale. Petitioner contends that this expense is deductible as an ordinary and necessary business expense under section 162(a). But, this expense has its genesis in the sale of the property, and, if the sale were consummated, would reduce the amount received from the sale. See sec. 1001(b). Petitioner reported no gain or loss on the sale of that property on her 1984 return, and we have no basis for determining whether petitioner realized a gain or loss on the transaction. Petitioner has not established that the amount paid is an ordinary and necessary expense of petitioner's rental business. 2. Other 1984 Deductions
Petitioner claimed a deduction in the amount of $ 1,680 for casualty and theft losses occurring during 1984. Section 165(a) allows a deduction for losses sustained during the taxable year that are not compensated by insurance. In the case of individuals, the deduction is limited to losses *670 incurred in a trade or business (section 165(c)(1)), losses incurred in a transaction entered into for profit (section 165(c)(2)) and losses arising "from fire, storm, shipwreck, or other casualty, or from theft" (section 165(c)(3)). The amount of the loss is generally the lesser of the taxpayer's adjusted basis in the property or the diminution in value of the property caused by the casualty. See sec. 1.165-7(b), Income Tax Regs. In the case of a section 165(c)(3) loss, the loss is "allowed only to the extent that the amount of the loss to such individual arising from each casualty, or from each theft exceeds $ 100". Sec. 165(h)(1). (Emphasis added). In addition, section 165(h)(2) limits the deduction to the amount that the aggregate of the losses determined after the application of section 165(h)(1) exceeds 10 percent of adjusted gross income. With these principles in mind we turn to the losses claimed. A. Damage to Automobile While Moving -- Petitioner's loss was $ 202 based on the cost of repairing the damage. See section 1.165-7(a)(2)(ii), Income Tax Regs. That loss must be reduced by $ 100 as provided by section 165(h)(1). B. Damage to Automobile from Accident *671 -- The total damage to the car was $ 306 of which petitioner's insurance company paid $ 56. Petitioner's loss then was $ 250, and that amount also must be reduced by $ 100 under section 165(h)(1) because the accident was separate from the earlier accident. Sec. 1.165-7(b)(4)(ii), Income Tax Regs.
C. Damage to Personal Property -- We have found that the total fair market value of the property damaged was $ 400, rather than the $ 608 claimed on the return. That amount must also be reduced by $ 100. D. Theft Loss -- We have found that the fair market value of the property stolen while petitioner was in Phoenix was $ 290 and that she was not compensated by insurance. That amount again must be reduced by $ 100. It must be noted that the actual amount of the loss deduction for the losses discussed above is not determined at this time for the items discussed above because the 10 percent of adjusted gross income floor on the aggregate loss contained in section 165(h)(2) is not determined. We, therefore, leave that determination to the Rule 155 computation. E. Vandalism and Theft Losses -- These losses stand on a different footing. Given the parties' characterization of the property *672 in Ohio as rental property, the losses incurred would not fall into the section 165(c)(3) category and would not be subject to the section 165(h) limitations. Furthermore, they would be allowed as a deduction in determining adjusted gross income. See sec. 62(1). We have found that the total amount of the loss is $ 600. F. Personal Property Tax -- When petitioner moved to Phoenix, she had her car registered in Arizona. The total cost was $ 318. Of that amount, petitioner contends that $ 82 was an ad valorem tax on the car. Petitioner deducted this amount and respondent disallowed the deduction because it was characterized on petitioner's return as a registration fee rather than as a tax. The Court is satisfied that the $ 82 was properly deductible as a personal property tax under section 164(a)(2), as defined by section 164(b)(1). See Art. IX, § 11, Constitution of Arizona, and section 28-1591, Arizona Rev. Stat. (West 1989). 3. 1985 Rental Expense
The 1985 dispute focuses on three items that petitioner claims were erroneously disallowed -- travel expenses ($ 929.84), insurance ($ 170), and repairs ($ 590). Petitioner claims that records substantiating the expenses *673 were lost during one of her moves. With respect to the insurance payment and repair expenses, we are satisfied from petitioner's testimony that she did incur some expense. Using our judgment we allow deductions for the insurance ($ 170) and repairs ($ 300). See Cohan v. Commissioner, 39 F.2d 540 (2d. Cir. 1930). The travel expenses, however, present a different problem. Even if we assume that petitioner traveled back and forth to Columbus because of the problems with her property, section 274(d) requires that "the taxpayer substantiate by adequate "contemporaneous" records * * * (A) the amount of such expense * * *, the time and place of the travel * * *, [and] the business purpose of the expense". Under the regulations, a taxpayer must provide the amount of each travel expense, the date of the expense, the number of days that he or she was away from home, and the business reason for the travel. Sec. 1.274-5(b)(2), Income Tax Regs. Petitioner has not satisfied the requirements of section 274(d) and the regulations promulgated thereunder. Accordingly, we sustain respondent's determination on this issue. [2]
*674 Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent disallowed deductions for medical expense for both years. Respondent concedes that petitioner has substantiated the expenses; the deductible amount, however, must exceed 5 percent of petitioner's adjusted gross income for the years involved. Sec. 213(a). The amount of the deduction allowable, if any, will be determined during the Rule 155 computation.↩